IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDOKEY ENOW, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. PWG-17-2312 |
| | * | |
| RICKY FOXWELL, Warden, | * | |
| WALTER WEST, Assistant Warden, | * | |
| STEPHEN ELLIOTT, Lieutenant, | * | |
| MIKE MUIR, Case Management | * | |
| Supervisor, | * | |
| PAUL KNIGHT, CMS II,[1] | * | |
| | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Ndokey Enow, who now is incarcerated at Roxbury Correctional Institute, formerly was incarcerated at Eastern Correctional Institution (ECI) in Westover, Maryland.[2] Enow claims that,

---

[1] Enow faults Paul Knight, a case management specialist, whom he alleges was responsible for ensuring Enow was assigned to appropriate programs and services at ECI. Compl. 4, ECF No. 1. Service was not obtained on Paul Knight. As discussed in this Memorandum Opinion, Enow does not claim Knight was personally involved in the wrongdoing alleged here. Thus, if service had been obtained, Knight would have been entitled to dismissal.

[2] Enow, a frequent *pro se* litigator, has filed numerous burdensome and unsuccessful civil rights actions in this Court. *See, e.g.*, *Enow v. Wolfe,* Civil Action No. PWG-17-341 (summarizing prior filings and describing their burdensomeness). Attached to this Memorandum Opinion is a chart outlining Enow's past cases. Enow's history of burdensome filings earned him three "strikes" under the Prison Litigation Reform Act, *see* ECF No. 10 in *Enow v. Feinstein*, PWG-15-3348 (assigning a third "strike" on November 20, 2015). As a result, Enow may not proceed *in forma pauperis* unless he is in imminent danger. Undeterred by the application of the PLRA, Enow has continued to file civil lawsuits, such as that considered here, and only a small subset of the claims he has alleged have been found sufficient to proceed under the standard set forth under 28 U.S.C. § 1915(g). *See Enow v. Baucom, et al.,* No. PWG-16-3553 (D. Md.) (dismissed for failure to address or satisfy "imminent danger" exception to § 1915(g)); *Enow v. Green, et al.*, No. PWG-16-3554 (D. Md.) (dismissed for failure to address or satisfy "imminent danger" exception); *Enow v. Green*, *et al.,* No. PWG-16-3917 (D. Md.) (dismissed for failure to pay full filing fee and amend complaint after court determined no claims satisfied imminent danger exception); *Enow v. Baucom, et al.*, No. PWG-16-4042 (D. Md.) (all but two claims dismissed without prejudice for failure to satisfy "imminent danger" exception); *Enow v. Wolfe, et al.,* No. PWG-17-341 (D. Md.)

while he was at ECI, he was assaulted on July 25, and July 27, 2017, and these attacks demonstrate a pattern of deliberate indifference to his safety in retaliation for his filing of lawsuits. Comp1. 9 ¶¶ 19-20, ECF No. 1; Feb. 16, 2018 Mem. Op. 29, 33, ECF No. 21. Defendants, Warden Ricky Foxwell, Assistant Warden Walter West, Lt. Stephen Elliot and Case Manager Mike Muir filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 32, with a Memorandum in Support, ECF No. 32-1, and verified exhibits and affidavits, ECF Nos. 32-3 – 32-11. Enow filed an Opposition, ECF No. 35, with declarations, ECF No. 35-2, which he later supplemented, ECF Nos. 36, 37. Defendants filed a Reply to the Opposition. ECF No. 41. The parties have briefed the issues, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Because the undisputed facts show that Defendants were not personally involved in the alleged assaults on Enow or deliberately indifferent to his need for safety, Defendants' Motion, treated as a Motion for Summary Judgment, will be granted.[3]

## BACKGROUND

Enow initiated this lawsuit pursuant to 42 U.S.C. § 1983 on August 9, 2017, by filing a verified Complaint. Compl. 12. Enow filed a motion for a temporary restraining order related to the allegations in this suit on August 29, 2017. ECF No. 4. Among Enow's allegations was the

---

(claims satisfied "imminent danger" exception); *Enow v. Foxwell, et al.*, No. PWG-17-850 (D. Md.) (claims of past harm dismissed; claims suggesting imminent danger proceeding, with supplemental motion for summary judgment pending); *Enow v. Foxwell, et al.*, No. PWG-17-2312 (D. Md.) (three claims satisfied "imminent danger" exception). Given the number of cases and claims within cases in which the Court has found no basis to Enow's claims of imminent danger and his pattern of voluminous prolix and repetitive pleadings, on February 16, 2018, I ordered that all suits initiated by Enow invoking the imminent danger exception to the requirement to pay the full filing fee impose by 28 U.S.C. § 1915(g) shall be limited to 7 single sided, legible pages, unless the Court authorizes a longer submission, and must clearly identify the individuals he claims are responsible for the imminent danger and provide supporting facts. *See* Order 34-35, ECF No. 21.

[3] Because I am granting summary judgment in Defendants' favor on this basis, I need not reach Defendants' alternative grounds for dismissal or summary judgment.

2

claim that his rights under the Eighth and Fourteenth Amendments were violated because prison officials told inmates that Enow is a "snitch," which led to assaults against him. Compl. 9-10. Enow states the "most extreme-failure-to protect claim is when prison officials use inmates to do their dirty work by intentionally setting up an inmate to be attacked by other inmates." *Id.* at 10. Enow seeks monetary damages against Defendants in their official and individual capacities for pain and suffering and mental anguish. *Id*. at 1, 12.

On February 16, 2018, I denied Enow's Motion for a Temporary Restraining Order, dismissed claims 1-9 of the original Complaint,[4] and ordered that the following claims would proceed: (1) Enow was allowed to be assaulted at ECI on July 25, 2017; (2) Enow was allowed to be assaulted at ECI on July 27, 2017; and (3) these assaults represent a pattern of deliberate indifference to Enow's safety in retaliation for his filing of other lawsuits. Feb. 16, 2018 Mem. Op. 29, 33; Feb. 16, 2018 Order 3 ¶ 3, ECF No. 22. Additional facts and the applicable standard of review are outlined in the Memorandum Opinion that accompanied that Order and are incorporated here by reference. *See* Feb. 16, 2018 Mem. Op. 6, 26-33. They are repeated only as necessary to resolve the issues under review here.

At the time of the assaults at issue, Enow was in ECI segregation Housing Unit 4 due to violations of prison rules. Enow Traffic History, ECF No. 32-4 at 2; Stephen Elliott Decl. ¶ 3, ECF No. 32-3.

On July 25, 2017 at 5:00 p.m., Enow informed Officer Paul Hudson that his cellmate Mark Jackson had assaulted him. At 5:10 p.m. Enow was taken to the medical unit for evaluation. Nurse Nikki Frey observed that other than a mild facial contusion, Enow did not have any injuries. Elliott

---

[4] Having found no grounds in claims 1-9 to satisfy the imminent danger exception under 28 U.S.C. § 1915(g), I dismissed those claims without prejudice to refiling in a separate action with payment of the full filing fee. Feb. 16, 2018 Order ¶ 3C.

3

Decl. ¶ 10; *see also* Prison Records, ECF No. 32-4, at 8, 10. After the incident, Enow was moved to another cell. Enow Traffic History, ECF No. 32-4, at 2.

Enow's next cellmate was William Spicer. While conducting rounds on July 27, 2017 at 8:10 p.m., Officer Hudson observed Enow bleeding from his left eye. Notice of Rule Violation, ECF No. 32-4, at 11. Enow was escorted to the medical unit where Bruce Ford, P.A., noted a shallow laceration on the left eye and a laceration on the upper lip. Medical Records 2, ECF No. 36-5. Enow's lip was sutured. Enow was also provided ice and Tylenol. *Id.* Spicer was moved to a different cell after the incident. Spicer Traffic History, ECF No. 32-4, at 5. Spicer and Enow were placed on each other's enemy list. Enemy Alert, ECF No. 32-4, at 6-7. At 8:55 p.m. on July 27, 2017, Enow completed an inmate statement about the assault. Inmate Statement, ECF No. 32-4, at 13. Enow claimed the fight arose because Spicer was interfering with his reading. Enow wrote: "This guy is suffering from mental illness and I don't think he was conscious of the action." *Id.* Of import, Enow's contemporaneous statement made no mention of retaliation for filing lawsuits, Defendants' involvements in the assault, or his purported status as a "snitch" as a cause of the incident. *Id*.

With his opposition to Defendants' dispositive motion, Enow filed two declarations. The first is a declaration dated March 1, 2018, from inmate Antron Taylor, DOC #402078. Relevant here, Taylor declares there are "some allegations or rumors going around in the housing unit made by some correctional staff and other inmates that Enow is a government snitch." Taylor Decl. ¶ 3, ECF 35-2, at 2. The second declaration, dated March 23, 2018, is from Inmate Aruis K. Marcelin, DOC # 442-472. Marcelin declares there are rumors around the housing unit made by correctional staff that Enow is a government snitch. Marcelin Decl. ¶ 3, ECF No. 35-2, at 5. Neither declarant,

4

however, identifies any Defendant as the source of the rumor. *See* Taylor Decl. ¶ 3, ECF 35-2, at 2; Marcelin Decl. ¶ 3, ECF No. 35-2, at 5.

**DISCUSSION**

Defendants move for dismissal of the claims against them or for summary judgment in their favor, asserting they did not personally participate in the wrongdoings alleged and Enow fails to demonstrate they acted with deliberate indifference. Defs.' Mem.

<u>Warden Foxwell and Assistant Warden West</u>

Personal fault is necessary to establish liability under 42 U.S.C. § 1983, whether based on the defendant's own conduct or another's conduct in executing the defendant's policies or customs. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *West v. Atkins*, 815 F.2d 993, 996 (4th Cir. 1987), *rev'd on other grounds*, 487 U.S. 42 (1988) (no allegation of personal involvement relevant to the claimed deprivation); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual defendant to be held liable pursuant to § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights") (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md. 1971), *aff'd*, 451F.2d 1011 (4th Cir. 1971)). An individual cannot be held liable under § 1983 under a theory of respondeat superior.[5] *See Monell*, 436 U.S. at 690; *Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Thus, to establish § 1983 liability, a plaintiff must show that a defendant was personally involved in the alleged deprivation of his constitutional rights, *Vinnedge*, 550 F.2d at 928–29, or establish the defendant's liability as a supervisor, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). A defendant may be liable under the theory of

---

[5] Respondeat superior is a legal doctrine that in some circumstances an employer is responsible for the actions of employees performed within the course of their employment.

supervisory liability in a § 1983 action if (1) the defendant had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) the defendant's response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between defendant's inaction and the alleged constitutional injury. *Shaw*, 13 F.3d at 799.

Enow alleges that on July 25, 2017, he was assaulted by his cellmate Mark Jackson based on allegations he is a government snitch. Compl. 5, 9. He also alleges that two days later, after he was assigned a new cellmate, he was assaulted by his new cellmate William Spicer, again due to allegations that Enow is a government snitch. *Id.* at 9-10. Enow faults Warden Ricky Foxwell because he is "responsible for ensuring the safety and well-being of prisoners under his supervision." *Id.* at 3. Similarly, Enow faults Assistant Warden Walter West because he is "responsible for ensuring the safety and well-being of prisoners under his supervision." *Id.* Importantly, nowhere does Enow specifically claim Foxwell or West called him a "snitch" to others, was involved in placing him in cells with Jackson or Spicer, personally failed to protect him, or set him up for attack by other inmates.

Foxwell and West state they never told any other inmates that Enow is a "snitch." Foxwell Decl. ¶¶ 3-5, ECF No. 32-6; West Decl. ¶¶ 3-5, ECF No. 32-5. They declare they never knew about and then willfully ignored any threats against Enow. Foxwell Decl. ¶ 8; West Decl. ¶ 6. Further, they declare they have no knowledge of any threats or retaliatory acts made against Enow by staff under their direction. Foxwell Decl. ¶ 8; West Decl. ¶ 6. West and Foxwell state that standard procedures, including the checking of inmate enemy lists and Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.* ("PREA"), status were followed before Enow was assigned to cells with Mark Jackson and William Spicer. Foxwell Decl. ¶¶ 10-11; West Decl. ¶¶ 10-11.

They assert that they did not hinder, delay or deny Enow medical attention after the incidents on July 25 and 27, 2017, and they are not aware that any officer did so. Foxwell Decl. ¶ 9; West Decl. ¶ 9. Moreover, although Enow filed a verified complaint and declarations, all of which he relies on to insist in his Opposition that a genuine dispute of material facts exists, Enow does not allege or provide any evidence that Foxwell or West knew that a subordinate was engaged in such conduct or responded to such knowledge in a manner that was so inadequate as to amount to deliberate inference or tacit approval. In the absence of any grounds to find they personally participated in or had knowledge of the wrongs alleged, Foxwell and West are entitled to summary judgment in their favor.

## Mike Muir

Enow alleges that Mike Muir, a case management and classification supervisor at ECI, is culpable because Muir is responsible for ensuring adequate classification of prisoner's safety and assignment of security level. Compl. 4. Enow asserts that he met with Muir and case manager Paul Knight on April 18, 2017, concerning "allegations made by correctional staff to African-Ameicans [sic] gang affiliated inmates" that Enow is a "government snitch." *Id.* at 5, 7 ¶ 16. At the meeting, Knight informed Enow they did not have any record in the case management system that gang affiliated members or security threat groups had threatened Enow's life. *Id.* at 7 ¶ 16. Notably, Enow does not claim Muir or Knight told any inmates that he is a snitch. *See id.*

Muir, who served as Enow's case manager at the time of the July 2017 incidents, states that he was not involved in determining Enow's cellmates, including Mark Jackson and William Spicer. Muir Decl. ¶ 4, ECF No. 32-7. Muir declares he never told any inmate that Enow is a snitch and never threatened or retaliated against him. *Id.* ¶¶ 3, 8. According to Muir, at the time Enow was placed in a cell with Jackson and later Spicer, neither

7

inmate was listed as his enemy on the Offender Case Management System record. *Id.* ¶¶ 5-6. Because Enow, notwithstanding the verification of his Complaint and his filing of declarations, does not show that Muir was personally involved in the wrongful actions alleged or aware of yet deliberately indifferent to a threat to Enow's safety, summary judgment will be granted in favor of Muir.

Lieutenant Stephen Elliott

Enow claims that Steven Elliott, who was manager of the housing unit at the time of the July 25 and 27, 2017 assaults, is culpable because he was responsible for ensuring inmate safety. Compl. 3. Enow does not claim, however, that Elliott told inmates that he was a snitch or encouraged assaults against him.

Elliott declares that he complied with institutional protocol before assigning Enow cellmates. Elliott Decl., ECF No. 32-3 ¶ 3. Before Enow and Jackson were celled together, Elliott reviewed their enemy lists and PREA status. *Id.* ¶ 9. Similarly, before Enow and Spicer were celled together, Elliott reviewed both inmates' enemy lists and PREA status. *Id.* ¶ 10. Elliott states that he did not find any compatibility issues. *Id.* ¶¶ 9, 10. Elliott states these protocols continue to be followed. *Id.* ¶¶ 8, 13.

Elliott asserts he "never told any inmate that Mr. Enow is a 'snitch'" or "deliberately placed Mr. Enow in danger," such as by housing an inmate with Enow "with the intent to cause Mr. Enow harm." *Id.* ¶¶ 4,5. Nor has he ever "encouraged an inmate to assault Mr. Enow" or "willfully ignore[d] any known threats against Mr. Enow." *Id.* ¶ 6. Elliott declares that he has "never threatened, or in any way retaliated against Mr. Enow." *Id.* ¶ 6.

I have noted that Enow's history of altercations with fellow inmates may be attributed to "his lack of appreciation or disregard for the consequences of his comments and actions around

other inmates," making him "a difficult inmate to house safely." Feb. 16, 2018 Mem. Op. 28-29 & n.15. For example, in a previous case a correctional officer noted that Enow's "habit of publicly pointing out supposed threats" resulted in some inmates considering him a "snitch." *Id.* at 29 n.15 (referencing June 12, 2017 Mem. Op. 7, ECF No. 32 in *Enow v. Dovey,* Civil Action No. PWG-16-615). Prison officials have reassigned Enow repeatedly to new cellmates, which indicates they have taken protective action on his behalf, and belies the notion of deliberate indifference.

Even when the facts are viewed the light most favorable to Enow, his verified, yet generally stated, claims fail to show that Defendants personally participated in or had sufficient knowledge of the matters alleged to support supervisory liability. And, without support for those allegations, Enow also cannot prevail on his claim of a pattern of deliberate indifference. It bears repeating too that in Enow's statement written contemporaneously to the July 27, 2017 assault, he did not mention either Defendants or his purported status as a snitch as a cause for the altercation. Rather, he attributed the assault to his cellmate's mental health condition. In their declarations, Enow's fellow inmates do not identify Defendants as the source of rumors about him as a government snitch. Under these circumstances, I find no genuine dispute of material of fact, and Defendants are entitled to summary judgment in their favor. In short, no reasonable jury would likely find in favor of Enow, in light of his fanciful claims and the evidence that Defendants cite in support of their motions.

## CONCLUSION

For these reasons, I will enter a separate Order that grants Defendants' Motion to Dismiss or for Summary Judgment, ECF No. 32.

February 8, 2019 \_\_\_\_/S/_____
Date Paul W. Grimm
United States District Judge

9